Chancellor D. Johnson
delivered the opinion of the court.
The grounds of the defendants’ appeal grow out of a deed executed by the defendant, Brown, on the 10th of January, 1825, by which he conveyed to trustees, for the use of his wife, a plantation on Sandy Island, and forty slaves. The consideration expresssed, is natural love and affection, but the proof is very abundant that Brown was, at the time, negociating the sale of a large real and personal estate, which he afterwards sold for $120,000, and which he had acquired by the wife ; and that the deed above mentioned, was the inducement to Mrs. Brown to join in the conveyance of the land to Col. Hunt, and renounce her inheritance, and that this was the true consideration.
As a mere voluntary conveyance for the use of the wife, the deed would necessarily be void as to the creditors of Brown ; and regarded as a marriage settlement, it was equally void, not having been recorded in the office of secretary of State; the questions then arise ;
1st. Whether parol evidence was admissible, to shew that Mrs. Brown’s renunciation of her inheritance entered into the consideration of the deed, and whether that is a sufficient consideration to support the deed against creditors.
2d. If the consideration be valuable, whether the deed ought to have been recorded in the office of the secretary of State, as a marriage settlement.
The general rule is, that parol evidence is inadmissible, to add to, *135 or vary the terms of a deed, or to shew any circumstances incon. sislent .with it; and if the converse of the rule be true, it follows, that any thing may be admitted which is inconsistent with it. On this principle, parol evidence has been admitted to supply a consideration, where none has been expressed in the deed, and to show a particular consideration where that expressed was general, as for “ divers good causes and considerations.” 1 Phil. 481, 2, 3. And 1 cannot perceive why, if there are two considerations existing at the timo of the execution of the deed, one only of which is expressed, parol should not be admitted to show the other, and better; so far from tending to contradict the deed, its object is to support it, and must necessarily be consistent with it; the addition of a circumstance necessary to give it effect; and it strikes me that this is the more reasonable, where it is a third party, a stranger, who seeks to avoid the deed on account of the want of consideration. The case does not rest, however, entirely on this question, and it is not necessary to decide it. The true consideration of the renunciation of Mrs. Brown’s inheritance in her real estate, was subsequent to the execution of the deed of 19th January, 1835, and I take it as well settled, that a deed void for. want of consideration, maybe supported by parol proof of a subsequent valuable consideration. In this, there is clearly nothing inconsistent with the deed, but the proof of a substantive independent fact, arising subsequently to its execution. This pointis expressly relied on in McDowall and Black vs. Gist, decided not long since in Columbia, and to which I refer for the argument. Atherly, in his Treatise on Marriage Settlements, page 159, in speaking of the consideration necessary to sup. port settlements after marriage, that giving up an interest in the settler’s estate, will be a sufficient consideration, although it is not expressly relinquished in consideration of the settlements, and although not relinquished by the same deed, or another at the same time, for if it is done about the same time, so that it be reasonably presumed to be part of the same transaction,. it would be presumed so, and looked upon as the consideration which produced,the settlement. Now, had the settlement preceded the relinquishment of Mrs. Brown’s inheritance, and independent of the parol proof, these deeds furnish, very strong intrinsic evidence of the true consideration. There is another principle on which this deed may be supported. The complainants come here to be relieved against an advantage which the defendants possessed at law, on the ground, that the consideration being love and affectiots only, the deed is void as to creditors. Now, the proof is very conclusive, *136 that Mrs. Brown renounced her inheritance on the faith that a pros vision had been made for her by this deed. The witness, Smith,says, expressly, that she would not have renounced but on that as. surance ; and if evidence of this fact is admissible, it is very clear that the right and justice of the cause is with her. In the Marquis of Townshend vs. Stangroom, 6 Ves. 328, which was a bill for the specific performance of an agreement to lease a farm, Lord Eldon admitted parol evidence, to show that the written agreement was not according to the terms stipulated in the treaty, and he observes, that if parol evidence is to be excluded in equity, because if is at law, all the cases of hard bargains, unconscionable agreements, and agreements entered into by mistake or surprise, must be struck out, and lie refers to a MS. note of Lord Hardwieke, in the case of Rick vs. Jackson, in which his lordship says that he had ofteu known parol evidence in cases where an attempt had been made to obtain, by a decree of the court, a further security, or more ample interest thau the party was iu, by the possession of the paper itself, to show that the demand was fraudulent and unfair, and in which relief had been refused on that ground. This is exactly that case. The complainants come here to ask the court to set aside the deed of the 19th January, 1835, that they may be let in as creditors of Brown. The effect must be to deprive Mrs-Brown of the equivalent for which she stipulated, when she re. leased her inheritance in a very ample estate, and reduce her to-a state of comparative want. I think she is protected by the principle.
In Prescott vs. Hubbell, decided in this court in 1827, it was held that a conveyance by the husband to the use of the wife in con-«deration of her renouncing her dower, in lands which he had sold, was sufficient to support the conveyance against the creditors of the husband. So in McMeckin vs. Edmonds, l Hill ch. 288, where the laud of the husband was sold by the sheriff under the execu. tion, and the purchaser, a stranger, conveyed to trustees, for the use of the wife, the husband having paid the principal part of the purchase money, it was held that the conveyance was good against the creditors of the1 husband, and it follows that the renunciation of the wife’s inheritance in her own lands, and of which no power can deprive her, but with her own consent, must be equally valid. Our registry act requires all “ marriage settlements” should be recorded in the office of the secretary of State, within a limited time after they are executed, and declares that they shall be void, unless they are so recorded. But there is some diversity oí opinio» *137 as to what constitutes a marriage settlement, within the meaning of the act — prima facie, the terms obviously import a settlement' founded on the consideration of marriage ; and could not, therefore, directly apply to settlements entered into after the marriage, unless made in pursuance of articles previously entered into ; but in Prince vs. White, Carolina Law Journal, it was held that a voluntary settlement made by the husband after marriage, to the use of his wifej-was within the mischiefs contemplated by the statute, and was void unless so recorded ; that I then, and still think, was going quite far enough, extending the construction of the statute- to its utmost limits, it never could have been intended to apply to all conveyances for the use of a married woman. If a parent thinks proper to convey or devise an estate to the separate use of his married-daughters, with wiiat propriety is that denominated a marriage settlement ? Marriage does not enter into the consideration ; and did the legislature in framing the act, contemplate this state of things, and intend to provide for it under the term, “ marriage settlement l’* I think not — they might, and would have employed more appro-; priate terms. So if a stranger convey to the use of a married woman, or if she invest her pin money, or her other separate funds, in lands, and procure them to be conveyed to trustees to her separate use, what could be more foreign than the terms, “ marriage settlement,” applied to these transactions ? But the cases of Prescott vs. Hubbell, and McMeekin, are direct authorities on the point. They are not marriage settlements within the meaning of the act; and in what do these cases differ from the case where the wife acquires an estate on exchange for her inheritance, whether she obtains it from her husband or a stranger Í
I conclude, therefore, that no settlements or conveyances falls within the purview of the act, except such as are founded on the consideration of marriage, and entered into before the marriage or afterwards, in pursuance of previous articles, or voluntary conveyances by the husband to the use of the wife, after the marriage.
The grounds of appeal, on the part of the complainants, are entirely covered by the foregoing observations. William S. Smith, the administrator of George Smith, the father of Mrs. Brown, advanced to Brown $11,000, to purchase a house in town, to be conveyed to the use of Mrs. Brown ; and he did, accordingly, so invest it; no provision having been before made on Mrs. Brown, the administrator was right in insisting on these terms. The conveyance of Robert Heriot to Keith, of twenty-nine negres to the use of Mr@> *138 Brown, is expressed to be in consideration of the renunciation of her inheritance ; and on the principles laid down, the consideration in both cases are valid against creditors ; nor was it necessary to record the deeds in the office of the secretary of State.
Egleston<& Frost, and Petigeu and Dunkin', for Brown and wife
Desaussuhe and Bailey, for the banks.
Filed 21st March, 1837.
ín the discussion of the case, some remarks were made by the counsel, as to the magnitude of the provision made by these deeds for Mrs. Brown; and clearly the law would not justify the husband in attempting to defraud his creditors by using the interests of the wife, as a cover for making an unreasonable settlement on her. But it will be remembered that Mrs. Brown was otherwise wholly unprovided for. That on the death of her father intestate, an estate, consisting of lands, estimated at §60,000, which sold, with a part of the negroes only, brought the large sum of $120,000, descended to her, and that the highest conjectural estimate of the value of the property, secured to her, does not exceed $45,000. No direct question has been made on the subject. It is, therefore, unnecessary to enter into a minute calculation of the reasonableness of the provision ; and 1 confess, that under the circumstances, I should not be disposed to look into it with too much exactness — ■ with proper diligence the creditors might have saved themselves out of the large estate which Brown has dissipated.
It is, therefore, ordered and decreed, that so much of the decree of the Circuit Court as subjects the lands and negroes described in the deed, from the defendant, Brown, to John A. and P. T. Keith, of the 19th January, 1825, with the payment of Brown’s debts, be, and the same is, hereby set aside and reversed. In other respects, it is affirmed.
DAVID JOHNSON.
We concur,
WILLIAM HARPER,
3. JOHNSTON. ■